HENRY LANGENBERG ET AL., APPELLANTS, V. ERNEST A.
LANGENBERG ET AL., APPELLEES.

5 N. W. (2d) 138

FILED JULY 24, 1942. No. 31353.

*Burr R. Davis* and *Ralph W. Slocum,* for appellants.

*H. D. Addison* and *Russell W. Bartels, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

ROSE, J.

This is a suit in equity to foreclose a duly-recorded 6,000-dollar mortgage on a quarter-section of land in Wayne county. The payee in the secured note and the mortgagee was Louis Langenberg, a widower who died intestate May 20, 1939, leaving four sons and four daughters, all adults: W. F. Langenberg, Minnie Sonnenberg, Henry Langenberg, Lena Langenberg, Louisa Langenberg, Ernest A. Langenberg, Anna Fleer, George Langenberg. One of the sons, Henry Langenberg, as administrator, settled the estate of his deceased father and in that capacity was directed by the county court of Wayne county to assign to each of the eight children of decedent one-eighth interest in the note and the mortgage, both instruments having been executed by the son Ernest A. Langenberg and his wife. The assignments were made as directed and the administrator discharged.

Later, five of the assignees brought this action against Ernest A. Langenberg and Lydia Langenberg, his wife. Lena Langenberg and Louisa Langenberg, unmarried twin daughters of Louis Langenberg, were also sued as defendants because they declined to join as plaintiffs.

It was alleged in the petition to foreclose the mortgage that plaintiffs, during and subsequent to the settlement of

decedent's estate, searched for, but were unable to find, the note and the mortgage.

The substance of the defense to foreclosure was that payee and mortgagee, in his lifetime, gave the note and the mortgage to his son, Ernest A. Langenberg, the maker and mortgagor, as a gift, with directions to burn them, thus discharging the debt; that the donee did as requested.

The facts pleaded in defense were put in issue by a reply.

Upon a trial of the cause the district court found the issues in favor of defendants, directed release of the mortgage and dismissed the suit. Plaintiffs appealed.

It is argued as ground for reversal that the evidence adduced by defendants was insufficient to prove a gift *inter vivos*.

Some of the facts proved and not disputed are: The note and mortgage were executed February 9, 1931. Neither stipulated annual interest nor debt was paid. The father of the eight children named gave each a quarter-section of land. Other gifts of property and money were bestowed by him on different children. The note was in possession of Ernest late in November or early in December, 1938, and the mortgage prior to the death of the father May 20, 1939. The mother of the children died in 1933. Thereafter the father resided with his unmarried daughters, Louisa and Lena, at their home in Hoskins, Wayne county. The father lost his sight and these twin daughters took care of him thereafter.

Louisa testified in substance directly and positively as follows: Her father kept his valuable papers in a safe in her bedroom. No one used the key to the safe but herself. While the father, Ernest, Lena and herself were present in the kitchen and talking about the note, her father told her to get it and give it to Ernest. She took it from the safe and brought it to the kitchen. Her father asked her if she gave the note to Ernest and she answered, "Yes." Her father then told Ernest to burn it and Ernest took it with him when he left for home. Lena testified to the same effect. The testimony of these two daughters shows further: At a later date Ernest, in the presence of his father and the

twins, at the same place, expressed some misgiving as to the effectiveness of the surrender and destruction of the note to extinguish the debt and satisfy the mortgage and was told by his father that would make no difference. Subsequently when the same four persons were present at the same place, the father told Louisa to get the mortgage and, when she produced it, he told her to give it to Ernest. She did so and Ernest left with it. Ernest testified he destroyed both instruments. The trial court saw and heard these witnesses as they testified and gave credence to their testimony. Other circumstances and remarks of the father appearing in evidence indicate a definite, fixed purpose to make a gift of the note to his son. The twins would have been entitled to two-eighths of the net proceeds of a foreclosure sale had one been ordered. There is no reason to discredit their testimony, believed as it was by the trial judge. Considered from every standpoint, the evidence in its entirety is found sufficient to prove all the elements of a valid gift *inter vivos*.

AFFIRMED.